Stephen DERFINY, Plaintiff,

v.

Michael J. BOUCHARD, Thomas Quisenberry, Oakland County, Oakland County Board of Commissioners; Donald Sheesley, D.O., Samuel Johnson, D.O., Katherine Alizo, D.O., Carolyn W. Bird, M.D., Sam Kaidi, D.O., Tressa Gardner, D.O., Roy Hembey, D.O., Brian Purchase, D.O., Defendants.

and

Stephen Derfiny, Plaintiff,

v.

Pontiac Osteopathic Hospital, Defendant.

Nos. 99–75331, 00–71237.

United States District Court, E.D. Michigan, Southern Division.

Jan. 24, 2001.

Patricia A. Stamler, Justin C. Ravitz, Sommers, Schwartz, Southfield, MI, for Stephan Derfiny.

Steven M. Potter, Potter, Carniak, Auburn Hills, MI, for Derfiny, Bouchard, Quisenberry, Oakland County, Oakland County Board of Commissioners and Bird.

Cynthia E. Merry, Merry, Farnen, St. Clair Shores, MI, for Sheesley, Johnson, Alizo, Gardner and Purchase.

## ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [32–3][1]

TARNOW, District Judge.

### I. Introduction

This case is composed of two independent lawsuits initiated by plaintiff Stephen Derfiny which were consolidated. Mr. Derfiny's claims are based on his alleged medical injuries suffered as a result of inadequate medical treatment received while incarcerated.

The defendant Pontiac Osteopathic Hospital (POH) motioned the court for summary judgment on a number of grounds. The defendant argued that the plaintiff's § 1983 claim, his gross negligence claim, and his medical malpractice claims ought to be dismissed as they pertain to the POH.

At a hearing held December 19, 2000, the parties agreed that the defendant would withdraw the motions regarding the § 1983 and the gross negligence claims.

However, the defendant did not withdraw the motion as to the medical malpractice claim. The defendant argues that the plaintiff's medical malpractice claim should be dismissed, because the required affidavit of merit was not submitted and the statute of limitations subsequently ran. The medical malpractice claim against POH is the only issue now before the Court.

### II. Background

Plaintiff (Derfiny), an insulin dependent diabetic, was incarcerated May 5, 1997 in the Oakland County Jail. Jail personnel confiscated his glucometer which Derfiny used to measure his blood sugar levels. On December 5, 1997, Derfiny requested to see an optometrist. Subsequent to the request, he reported vision problems on at least three separate occasions. Derfiny's blood sugar levels oscillated while in jail. This was a result of scheduled insulin treatments at a constant level despite the varying insulin needs characterizing plaintiff's condition.

On December 19, 1997, 2 weeks after the initial request to see an optometrist, a POH physician referred plaintiff to an ophthalmologist. Plaintiff saw Dr. Thomas Gossage, on December 22, 1997, three days after the referral by the POH physician. This Doctor diagnosed Derfiny with proliferative diabetic retinopathy and reported that there is some evidence that the condition may have preexisted his examination by four years. Plaintiff was referred to Dr. Hassan on January 6, 1998. In January and February of 1998, plaintiff had a number of surgeries to treat the condition.

The framework of the relationship between the jail and POH requires inmates to submit written requests to see a doctor. The jail nurse reviews those requests and sends them to physicians based on the severity of the complaint. The physicians have no knowledge of the prioritization

---

1. Law Clerk Carlos Bermudez provided quali- ty research assistance.

and are unaware of the identity of their patients until the patient arrives. POH staffs the physicians. The relationship is defined by contract identifying the defendant as an independent contractor.

The plaintiff sued a number of the physicians and county entities in a suit filed on November 2, 1999. The plaintiff filed against POH on theories arising from the same events on March 9, 2000. These cases were consolidated by Judge Tarnow on June 27, 2000. Including the days tolled by plaintiff's filing of a notice of intent to sue, the statute of limitations period for filing a proper complaint against POH was June 18, 2000. These dates are not in dispute. The defendants in both matters were represented by the same counsel. Defense counsel received three timely affidavits of merit in the claim against the doctors. However, no affidavit of merit has been filed specific to the claim against POH. The medical malpractice claim against POH is based on a theory of vicarious liability arising out of the same acts and omissions referred to in the initial suit. The defendant argues that the lack of an affidavit of merit is cause for dismissal of the medical malpractice claim. The plaintiff contends that the affidavits filed in the earlier case fulfill the requirement. Alternatively, plaintiff argues that the defendant waived the lack of affidavit of merit defense.

## III. Discussion

The defendant argues that the plaintiff failed to file an affidavit of merit as required by M.C.L. § 600.2912(d). Therefore, the medical malpractice count filed against POH should be dismissed. The defendant contends that, in this case, an affidavit of merit was not filed within the statute of limitations. The defendant argues that the inadequacy requires dismissal of the claim pursuant to the Michigan Supreme Court opinion *Scarsella v. Pollak*, 461 Mich. 547, 607 N.W.2d 711 (2000). POH cites *Scarsella* for the notion that a plaintiff who files a medical malpractice complaint without the affidavit of merit is subject to dismissal and must still comply with the statute of limitation. The defendant argues that the plaintiff never filed an affidavit with the complaint, thus, the lawsuit is a legal nullity. The defendant reasons further that the affidavits filed regarding the defendant doctors should not apply to POH for § 600.2912(d) purposes. According to the defendant, no affidavit of merit was filed with this suit, and the prior affidavits do not apply to POH. The statute of limitation has since expired. Consequently, the plaintiff's medical malpractice claim against the Hospital should be dismissed.

This Court disagrees with the defendant's application of *Scarsella*. The holding in *Scarsella* was very narrow and is distinguishable from the case at hand. In *Scarsella*, the court did rule that lack of an affidavit of merit renders a complaint ineffective. *Scarsella* at 553, 607 N.W.2d 711. However, this ruling was restricted to medical malpractice plaintiffs who "wholly omit to file the affidavit required by M.C.L. § 600.2912(d)." *Id.* In *Scarsella*, the plaintiff "wholly" omitted to file an affidavit of merit until months after the statute of limitations ran. The plaintiff only submitted an affidavit days before a hearing on a motion to dismiss the case for failure to comply with M.C.L. § 600.2912(d). The trial court dismissed the case based on the failure to file the affidavit. On appeal, the plaintiff argued that he should have been permitted to amend the original complaint by appending the untimely affidavit of merit. The untimely affidavit would then relate back to the original complaint and the statute of limitations would be satisfied. The court reasoned that allowing a subsequently filed affidavit would subvert the requirements of the statute.

Derfiny's situation is distinct from that contemplated in *Scarsella*. Unlike *Scarsella*, three valid affidavits of merit were filed in a related case subsequently consolidated with POH. The related case derived

from the same events, and the charge was based on the same action or inaction of POH physicians. The defendants in the related case received timely affidavits of merit. These three affidavits of merit meet the requirements of M.C.L. § 600.2912(d). Further, the two cases were handled by the same attorney. Thus, the affidavits were in the possession of the defendant well before the statute of limitations expired. The affidavits stated that the doctor involved or the "health facility" breached the standard of care owed to the plaintiff. These previously submitted affidavits distinguish this case from *Scarsella*.

The present case is analogous to *VandenBerg v. VandenBerg*, 231 Mich.App. 497, 586 N.W.2d 570 (1998). In *VandenBerg*, the Court of Appeals of Michigan overturned a trial court decision to dismiss a medical malpractice claim because the complaint and affidavit of merit were not filed simultaneously. The plaintiff filed a complaint alleging medical malpractice. At the time the complaint was filed, no affidavit of merit was filed. Months later, a doctor signed an affidavit of merit which was later served, with the complaint and summons, to the defendant prior to the running of the statute of limitations. The defendants moved the trial court for summary judgment arguing that the M.C.L. § 2912d required the affidavit of merit and the complaint to be filed at the same time. Summary judgment was granted. Plaintiff appealed. The Michigan court of appeals overturned the trial court decision holding that dismissal was not mandated for failure to file an affidavit of merit with the complaint. The court of appeals reasoned that in a situation where the defendant did not suffer prejudice dismissal was unwarranted. *VandenBerg* at 503, 586 N.W.2d 570. This decision was qualified slightly by *Scarsella* which held that statute of limitations still applies.

As in *VandenBerg*, the plaintiff in the present case had both the complaint and an affidavit of merit to the defendant prior to the running of the statute of limitations. In *VandenBerg*, the complaint was filed without an affidavit of merit, but the defendant was served an affidavit of merit at a later time. In the present case, the order is reversed. The defendant was in possession of three affidavits of merit which named the "health facility" as a possible cause of the medical condition. Later, Derfiny filed the complaint naming POH as a defendant. While the order is reversed, the effect in *VandenBerg* and the present case is the same: a complaint and affidavit of merit notified the defendant that a non-frivolous medical malpractice claim was filed prior to the running of the statute of limitations, and there is no prejudice to the defendant.

This Court finds in favor of the plaintiff on the additional grounds that the intent of the legislature is better served by not dismissing the claim against POH. The court recognized in *VandenBerg* that the purpose of § 2912d is to deter frivolous medical malpractice claims. In this case, the defendant had notice of plaintiff's claim. The complaint was timely filed and the defendant was already in possession of affidavits of merit substantially complying with the requirements and purpose of § 2912d. *See, Ericson v. Pollack*, 110 F.Supp.2d 582, 589 (E.D.Mich.2000)(holding that affidavit of merit which substantially complies meets the requirements of § 2912(d)). The claim derives from the same acts and omissions of the same doctors as the initial lawsuit. Those claims are not frivolous. Because the claim against POH is virtually the same claim as that against the doctors, the purpose of deterring frivolous lawsuits is fulfilled in the present case.

In addition, the statute should be interpreted to encourage access to the courts. *Ericson, supra,* at 587.

Pursuant to the above opinion above:

IT IS ORDERED that defendant's motion for summary judgment [32–3] is DENIED.