654 So.2d 664 (1995)
Agatha DAVIS, Individually, and as parent of Pamela Davis, a minor, Petitioner,
v.
ORLANDO REGIONAL MEDICAL CENTER, Respondent.
No. 94-2347.
District Court of Appeal of Florida, Fifth District.
May 12, 1995.
Lamar D. Oxford and Dale O. Morgan of Dean, Ringers, Morgan & Lawton, Orlando, for petitioner.
Richard L. Allen, Jr., of Mateer, Harbert & Bates, P.A., Orlando, for respondent.
PETERSON, Judge.
Petitioners (Davis), plaintiffs in a pending medical malpractice action, seek certiorari review of an order precluding petitioners from raising the issue of respondent's (ORMC) alleged post-operative negligence. We have jurisdiction. Shands Teaching Hosp. v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994), dismissed, Case No. 84,698 (Fla. Mar. 22, 1995); Miami Physical Therapy Associates, Inc. v. Savage, 632 So.2d 114, 115 (Fla. 3d DCA 1994); NME Properties, Inc. v. McCullough, 590 So.2d 439, 440 (Fla. 2d DCA 1991). We grant the petition.
Davis' pre-suit medical expert opinion was provided to ORMC pursuant to section 766.203(2), Florida Statutes (1993). The opinion provided in part:
It is my opinion that the care and treatment rendered to Agatha Davis by Dr. Miller and/or the attending C.R.N.A. Egeckna, or any other anesthesiologists or C.R.N.A.'s attending at the surgery of *665 September 24th, 1989, at Orlando Regional Medical Center fell below the accepted standard of care, including but not limited to the failure to correct hypotensive and volemic events, as well as anesthesia agents or medications thereby causing damages to Agatha Davis and the same is more likely than not, within a reasonable degree of medical probability.
Davis alleged in her complaint that Agatha Davis was injured "[d]uring the cour[s]e of [her] stay at [ORMC]" and that "her previous injuries were aggravated by the care and treatment negligently administered to her." Davis also alleged that ORMC was negligent for, inter alia, failure to "obtain additional opinions and consultations during the course of [her] treatment" and to "provide proper and timely medical treatment during the progression of [her] condition."
During the deposition of the medical expert who supplied the pre-suit opinion, ORMC learned that, in addition to the injury occurring during the surgery, Davis was claiming that still another injury was caused by an ORMC nurse in the intensive care unit after the surgical procedure. When asked if he thought anyone else acted negligently, the medical expert testified: "Yes, following the surgery in the immediate recovery room/ICU area I felt that hospital staff acted in a negligent fashion." ORMC then sought dismissal of Davis' claim against it because it alleged that it was completely surprised to learn that post-surgical negligence was to be an issue when the pre-suit opinion did not place ORMC on notice of it. Alternatively, it sought to limit Davis' evidence against it to its alleged vicarious liability arising from care and treatment during the surgery, thereby excluding any evidence of post-surgical negligence.
We interpret the order entered in response to ORMC's motion to dismiss to be a pretrial order excluding evidence of post-surgical negligence because of Davis' failure to comply with pre-suit screening requirements. It is well-settled that certiorari is a proper vehicle for challenging interlocutory rulings on whether the pre-suit notice requirements were satisfied in a particular case. Shands Teaching Hospital v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994).
We note at the outset that the supreme court has emphasized that, when possible, the pre-suit notice and screening statute should be construed in a manner that favors access to courts. Patry v. Capps, 633 So.2d 9, 13 (Fla. 1994). This court previously addressed the purpose of the pre-suit notice and expert corroborative opinion:
The expert opinion to be supplied is not one which delineates how the defendants were negligent. Section 766.104 refers to a written medical opinion "that there appears to be evidence of medical negligence." Section 766.203(2) provides that the medical expert opinion is for "corroboration of reasonable grounds to initiate medical negligence litigation." And § 766.205(1) specifically provides that the medical opinion need only corroborate that "there exists reasonable grounds for a claim of negligent injury." Obviously, the corroborative medical opinion adds nothing to the Plaintiffs' notice of their claim. It merely assures the Defendants, and the court, that a medical expert has determined that there is justification for the Plaintiffs' claim, i.e., that it is not a frivolous medical malpractice claim. The purpose of the medical expert opinion is to corroborate that the claim is legitimate, not to give notice of it.
Stebilla v. Mussallem, 595 So.2d 136, 139 (Fla. 5th DCA), review denied, 604 So.2d 487 (Fla. 1992) (emphasis in original). To sum up Stebilla, the statute requires the expert corroborative opinion to prevent the filing of baseless litigation, not to set forth in protracted detail the plaintiff's theory of the case. Contrary to ORMC's position, nothing in the statute requires that the corroborating expert opinion identify every possible instance of medical negligence. § 766.203; see also § 766.205(1). In many cases it would be virtually impossible for a medical malpractice plaintiff to identify every possible instance of medical negligence at the pre-suit stage. Medical procedures themselves are complicated and typically require explanation by experts. Also, such crucial issues as causation and proximate cause often defy tidy *666 identification and resolution as surgical patients commonly receive care from a battery of physicians, nurses and staff, as was the case with Davis.
ORMC's position may also run contrary to the directive in the Florida Constitution mandating access to courts. Art. I, § 21, Fla. Const. Under ORMC's position, a plaintiff in a medical malpractice action could neither amend a complaint on the basis of new evidence of negligence that is found during pretrial discovery,[1] nor even present that evidence in support of its claim, because that plaintiff would be forever bound by the averments of the pre-suit affidavit.
PETITION GRANTED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.190(a) states with regard to the amendment of pleadings, "Leave of court shall be freely given when justice so requires."