**Chantal ERICSON, as Next Friend of Kyle Ericson, Plaintiff,**

v.

**Mitchell Z. POLLACK, M.D., and Mitchell Z. Pollack, P.C., Defendants.**

**No. 00-CV-72220.**

United States District Court, E.D. Michigan, Southern Division.

Aug. 17, 2000.

Louis G. Corey, Corey & Carolan, Royal Oak, MI, for Plaintiff.

Kurt D. Yockey, Yockey Yockey & Schliem, Farmington Hills, MI, for Defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I. Introduction

This is a medical malpractice case. Plaintiff Chantal Ericson, as next friend of Kyle Ericson (Kyle), is suing defendant Mitchell Z. Pollack, M.D. (Dr. Pollack) and Mitchell Z. Pollack, M.D., P.C., for injuries resulting from treatment by Dr. Pollack, an orthopedic surgeon, necessitated when Kyle fractured his left humerus.[1] Plaintiff says that Dr. Pollack failed to diagnose and treat an infection that developed in Kyle's arm, resulting in Kyle experiencing significant loss of active and passive motion.

Before the Court is defendants' motion for summary judgment[2] on the grounds that (1) the affidavit of merit filed with plaintiff's complaint fails to comply with Michigan law and plaintiff's complaint therefore fails to state a claim under Fed. R. Civ. P. 12 (b)(6), (2) service was improper under Fed. R. Civ. P. 4, and (3) the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### II. Factual Background

The material facts as gleaned from the notice of intent to file claim, the complaint, the affidavit of merit, and the parties' motion papers follow.

#### A.

On July 23, 1996, Kyle, then 4 years and 8 months old, broke his left arm while climbing in the backyard of his mother's home. As a result, on July 24, 1996, Dr. Pollack performed surgery on Kyle, placing placed pins in his elbow at the medial and lateral epicondyle segments. On August 12, 1996, the pins were removed and x-rays showed "good healing process." On August 22, 1996, a granuloma[3] was discovered at the pin site which was cauterized. On August 27, 1996, Kyle was taken to the emergency room with complaints of drainage. Keflex, an antibiotic, was also prescribed although Dr. Pollack noted "no evidence of infection." Over the course of the next 2 months of treatment, Dr. Pollack noted drainage at the wound site, with "fairly copious amounts of watery fluid." Other granulomas were noted. On October 7, 1996, Kyle's last visit with Dr. Pollack, Dr. Pollack noted that the lateral granulomas had increased in size so he re-cauterized it and recommended weekly cautery

---

1. The humerus is the bone that extends from the shoulder to the elbow. Dorland's Illustrated Medical Dictionary 24th ed. (W.B. Saunders Co. 1965), p. 690.

2. Defendants styled their motion as a motion for summary judgment; however, assessing the relief they request, it appears that it is a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

3. A granuloma is a mass of tissue. Dorland's Illustrated Medical Dictionary, supra., p. 630.

treatments. Dr. Pollack still noted "no evidence of infection."

On October 14, 1996, Kyle was taken to another physician, Dr. Michael J. Mendelow, M.D., who found persistent drainage from the lateral pin site which had worsened over time and persistent swelling. It was also found that Kyle had not been given any antibiotic treatments or laboratory studies, except a single source of Keflex from his August 27 emergency room visit. Dr. Mendelow also found that Kyle, *inter alia*, had a limited range of motion in his arm.

On October 17, 1996, Kyle underwent surgery performed by Dr. Mendelow, which included having the wound irrigated. An infection was diagnosed and Kyle received antibiotic medication intravenously over the course of the next several weeks. By late November, the infection had been controlled, but Kyle still experienced loss of motion. Kyle continued with rehabilitative therapy and a March 17, 1996 evaluation reports the infection was controlled with a lack of elbow motion. A recent evaluation reports "a full flexation but lack of the terminal 20 degrees of extension and loss of 15 degrees of pronation and supination. X-rays now reveal a near total loss of the lateral condyle with a posteriorly dislocated radial head." *See* Ex. 2 to plaintiff's brief - Plaintiff's Notice of Intent to File Claim.

### B.

On September 1, 1999, plaintiff filed a notice of intent to file claim with defendants, as required by Michigan law. *See* M.C.L. § 600.2912b.[4] On May 16, 2000, plaintiff filed the instant action, together with an affidavit of merit completed by Richard E. Fleming, Jr. M.D. (Dr. Fleming), as required by M.C.L. § 600.2912d, and discussed more fully below. The case is here on diversity jurisdiction; plaintiff is a citizen of New York, defendants are citizens of Michigan, and the amount in

controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

### III. Legal Standards

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 1, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir.1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

A motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) will be granted where the Courts lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(b)(1); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed.1990). The plaintiff has the burden of proving that the court has jurisdiction to consider his claim. *Rogers v. Stratton Indus. Inc.*, 798 F.2d 913, 915 (6th Cir.1986).

An objection under Fed. R. Civ. P. 12 (b)(4) concerns the form of process rather than the manner or method of service. A Fed. R. Civ. P. 12(b)(4) motion is proper only to challenge non-compliance with the provisions of Rule 4. *See* Wright & Miller, *supra.*, § 1353.

### IV. Analysis

#### A.

Defendants say that plaintiff's complaint must be dismissed because the affidavit of merit does not comply with the statutory requirements. Michigan law requires that a plaintiff file, together with his or her complaint, an affidavit of merit. M.C.L. § 600.2912d reads in relevant part:

---

**4.** There is no challenge to plaintiff having complied with this section.

(1) Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. The affidavit of merit shall certify that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:

 (a) The applicable standard of practice or care.

 (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

 (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

 (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

(2) Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1).

 . . . .

### B.

### 1.

As an initial matter, defendants provide no authority for, nor does the Court's research reveal any holdings for, the proposition that a complaint may be dismissed when a plaintiff's affidavit of merit is deemed to be inadequate. In *VandenBerg v. VandenBerg,* 231 Mich.App. 497, 502, 586 N.W.2d 570 (1998), a case cited by defendants, the Michigan Court of Appeals expressly stated "we do not believe § 2912d mandates dismissal for noncompliance." The Court of Appeals also noted that the purpose of § 2912d "is to deter frivolous medical malpractice claims." *Id.* In *VandenBerg,* the plaintiff did not file an affidavit of merit at the time the complaint was filed. However an affidavit of merit was prepared later and was served with the summons and complaint. The trial court dismissed the complaint on defendant's motion, holding that plaintiff's failure to file an affidavit of merit with the complaint required dismissal. The Court of Appeals reversed, holding that while dismissal without prejudice may be appropriate for failure to file an affidavit of merit mandated by § 2912d, dismissal is not mandated. The Court of Appeals further held that dismissal was not warranted because the purpose of the statute was served when defendants received the affidavit along with the complaint.

In *Dorris v. Detroit Osteopathic Hosp. Corp.,* 460 Mich. 26, 594 N.W.2d 455 (1999), a case not cited by defendants, the Michigan Supreme Court, citing *VandenBerg,* held that dismissal without prejudice is an appropriate sanction for failing to file an affidavit of merit. In *Dorris,* the plaintiff did not comply with any of the procedural requirements for a medical malpractice case, asserting that her case was an ordinary negligence case, not a medical malpractice case. The defendants filed a motion for summary disposition on the grounds that plaintiff failed to provide either a notice of claim or affidavit of merit. The trial court denied the motion. The Michigan Supreme Court reversed, holding that plaintiff's claim was a medical malpractice action, and as such, defendants' motion should have been granted and plaintiff's complaint should have been dismissed without prejudice.

In *Scarsella v. Pollak,* 461 Mich. 547, 607 N.W.2d 711 (2000), also cited by defen-

dants, the Michigan Supreme Court held that filing a complaint without an affidavit of merit is insufficient to commence the lawsuit for statute of limitations purposes. In *Scarsella,* the plaintiff did not file an affidavit of merit with the complaint. The complaint was filed approximately two to three weeks before the statute of limitations expired. After the statute had run, with plaintiff still not having filed an affidavit of merit nor requested an extension in which to file it, the trial court dismissed the case. The Michigan Supreme Court distinguished *VandenBerg* and *Dorris,* in part on the grounds that neither case presented a statute of limitations problem. The Michigan Supreme Court also made clear that *Scarsella* addresses "only the situation in which a medical malpractice plaintiff wholly omits to file the affidavit required by M.C.L. § 600.2912d(1).... This holding does not extend to a situation in which a court subsequently determines that a timely filed affidavit in inadequate or defective." 461 Mich. at 553, 607 N.W.2d 711. The Michigan Supreme Court added: "We do not decide today how well the affidavit must be framed. Whether a timely filed affidavit that is *grossly nonconforming* to the statute tolls the statute is a question we save for later decisional development." *Id.* at n. 7 (emphasis added).

From these precedents, it is clear that with respect the affidavit of merit requirement, the only circumstances in which the Michigan courts have dismissed a medical malpractice action because of non-compliance with the statute is where the plaintiff wholly fails to file an affidavit of merit with the complaint. In that situation, the dismissal is without prejudice but will not toll the statute of limitations. *See Scarsella, supra.*

### C.

▮ Michigan law is silent on whether a defendant can obtain dismissal of a plaintiff's complaint based on a timely filed, but allegedly defective affidavit of merit. Michigan law is also silent as to "how well the

affidavit must be framed." When deciding a diversity case under state law, a federal court must apply the law of the state's highest court. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from "all relevant data." *Garden City Osteopathic Hospital v. HBE Corp.,* 55 F.3d 1126, 1130 (6th Cir.1995) (citing *Bailey v. V & O Press Co.,* 770 F.2d 601, 604 (6th Cir.1985)). *See also* 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 4507 (2d ed. 1982).

### 1.

The threshold question presented by defendant's motion concerns what the Michigan courts have left open. This is the question of "how well the affidavit must be framed." This question presents an issue of statutory construction.

The affidavit of merit one of the many tort reform measures in medical malpractice actions that took effect on April 1, 1994. To the extent that legislative intent is "relevant data," and an aid to interpretation, a position paper prepared by the House Legislative Analysis Section analyzing Senate Bill 270, which later became 1993 P.A. No. 78, in part codified as § 2912d, indicates that the purpose of the tort reform measures is

> "to discourage unjustified medical malpractice lawsuits and reduce the costs of the medical malpractice liability system, thus helping to contain spiraling health care costs, stem the flight of physicians out of Michigan, and assure the citizens of this state access to affordable health care. Stricter limits on pain and suffering awards, limits on contingency fees, early notice requirements, and new arbitration provisions would reduce litigation costs by encouraging arbitration and early settlement and curbing excessive awards.

As discussed below, this purpose is best served by taking a broad approach to the requirements for an affidavit of merit.

### 2.

Florida, like Michigan, has enacted a medical malpractice statute the purpose of which "is to alleviate the high cost of medical negligence claims through early determination and prompt resolution of claims . . . ." *Weinstock v. Groth*, 629 So.2d 835, 838 (Fla.1993). The Florida courts have likewise struggled with the construction of the new requirements for medical malpractice actions, and have consistently interpreted the statutory requirements "in a manner that favors access to the courts." *Patry v. Capps*, 633 So.2d 9, 13 (Fla.1994); *Davis v. Orlando Regional Medical Center*, 654 So.2d 664 (Fla.Dist.Ct.App.1995).

In *Davis*, the Florida intermediate court considered the provision in Florida's medical malpractice statute that requires a plaintiff to file a pre-suit expert opinion. *See* F.S.A. § 766.203.[5] During discovery, defendant learned that plaintiff's expert believed further instances of malpractice had taken place which were not set forth in the pre-suit opinion. Defendant argued that plaintiff should not be permitted to litigate those instances of malpractice. The intermediate court rejected the argument, in part based on the premise that such requirements are to be broadly interpreted, and that the purpose of the expert opinion - to corroborate a plaintiff's com-plaint allegations - was served. *Davis*, 654 So.2d at 665.

### 3.

■ Michigan's procedural requirements, including the affidavit of merit, are also designed, like Florida's requirements, to deter frivolous medical malpractice claims. *See VandenBerg, supra* at 502, 586 N.W.2d 570. As the Florida courts have recognized, these requirements should not be read to deny access to the courts. It is precisely because the requirements make it more difficult for the plaintiff to get his or her case before a jury that the requirements should be broadly interpreted. Indeed, a strict construction of the requirements risks impinging a plaintiff's right to jury trial guaranteed by the Seventh Amendment.[6] Thus, an affidavit of merit that substantially complies with § 2912d is all that is required under the statute, is in keeping with legislative intent, and is mindful of the Constitution.

### D.

### 1.

Here, plaintiff's affidavit of merit satisfies § 2912d, as indicated by the following comparison of the statutory requirements and the affidavit of merit:

Requirement #1 A statement regarding the standard of practice or care

Affidavit of merit: The applicable standard of care required Michael Z. Pollack to have timely diagnosed an

---

5.  F.S.A. § 766.203 provides in part:

> .    .    .    .    .
>
> (2) Prior to issuing notification of intent to initiate medical malpractice litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
> (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
> (b) Such negligence resulted in injury to the claimant. **Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as** defined in s. 766.202(5), **at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.**
>
> .    .    .    .    .
>
> (emphasis added).

6.  The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. U.S. Const. Amend. VII.

infection that resulted from the percutaneous pin placed through the lateral epicondyle of Kyle Ericson.

Requirement # 2 The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.

Affidavit of merit: The applicable standard of care was breached by 'Dr. Pollack when he failed to diagnose and treat, and do so in a timely fashion, an infection that resulted from the percutaneous pin placed through the lateral epicondyle of Kyle Ericson. The clinical evidence warranted appropriate studies which were not performed and which would lave lead to a proper and early diagnosis.

Requirement # 3: The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.

Affidavit of merit: Dr. Pollack should have diagnosed Kyle Ericson's infection and instituted antibiotic and/or surgical intravention which would have limited the extent of destructive process that occurred and has led to a loss of the lateral column and capitulum through destruction of the epiphysis.

Requirement # 4: The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

Affidavit of merit: As a result of the failure to diagnose, and to do so in a timely fashion, Kyle Ericson's infection, would not have the extensive destructive process that occurred and has led to the loss of the lateral column and capitulum through destruction of the epiphysis. Kyle Ericson's condition is now permanent and will progress with elbow deformity and lateral instability.

Ex. 2 to defendants' brief - affidavit of merit.

## 2.

■ Defendants attack the following sentences in the affidavit of merit: (1) "The clinical evidence warranted appropriate studies which were not performed and which would have led to a proper and early diagnosis." and (2) "Dr. Pollack should have diagnosed Kyle Ericson's infection and institute antibiotic and/or surgical intravention which would have limited the extent of destructive process that occurred . . . ." Defendants say that the affidavit of merit fails to specify what defendant should have diagnosed and what "appropriate studies" would have changed the outcome and what "antibiotics and/or surgical intravention" were warranted. Thus, defendants say the affidavit of merit fails to comply with subsection (c) by detailing the actions that should have been taken or that were omitted and subsection (d) by indicating the manner in which the standard of care was breached. *See* § 2912d (1)(c) and (d).

Defendants' arguments simply are not well taken.[7] As explained above, the Court is not inclined to read the procedural requirements of § 2912d strictly. It is clear from the affidavit of merit, read as a whole, that it is Dr. Pollack's failure to diagnose and treat the infection that developed in the pin area of Kyle's arm with antibiotics or surgery that allegedly caused Kyle's injuries, and that Dr. Pollack's actions breached the standard of care, and were the proximate cause of Kyle's injuries (which include limited arm motion).

The purpose of the affidavit of merit is to guard against *the filing* of frivolous claims by assuring the defendants that a medical expert has determined that there is justification for plaintiff's claims. There is no evidence, and defendants do not ar-

---

7. The Court recognizes plaintiff's arguments regarding notice pleading. However, the issue here is whether an affidavit of merit, not the complaint, complies with § 2912d.

gue, that the purpose of § 2912d has not been served here.

### 3.

If the requirements of § 2912d were interpreted to be as exacting as defendants suggest,[8] the affidavit of merit would be transformed from a relatively simple pre-suit procedural requirement into a demand for a full and complete disclosure of a plaintiff's case before discovery. Under defendant's view, the issue of whether an affidavit of merit complies with the statute would turn into a summary judgment inquiry. Thus, that the affidavit of merit failed to specifically note the type of antibiotics which should have been used, or specifically indicate what surgical procedure should have been done, does not render it inadequate or not in compliance with the statute.[9]

### 4.

Because the affidavit of merit substantially complies with the requirements and purpose of § 2912d, the Court need not address what sanctions are appropriate when an affidavit of merit is found to be inadequate. It would appear, however, that the Michigan courts would consider dismissal of a complaint for only a "grossly nonconforming" affidavit of merit. *See Scarsella, supra* at 553 n. 7, 607 N.W.2d 711 To the extent that a "grossly nonconforming" affidavit of merit is akin to filing *no affidavit of merit at all,* the Court would agree with such a conclusion.

### E.

As to dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(4), defendants baldly assert that because the affidavit of merit was inadequate, the Court lacks subject matter jurisdiction and the complaint was improperly served. Defendants offer no absolutely no evidence or authority for such relief, and indeed there is none. Thus, defendants' motion will be denied on these grounds as well.

### F.

Plaintiff says that it is entitled to attorney fees under Fed. R. Civ. P. 11. However, plaintiff has not provided any documentation of fees or indicated that the correct procedures have been followed to obtain fees.

### V. Conclusion

Defendants' motion is DENIED.

SO ORDERED.

---

8.  Perhaps defendants have a desire that Baron Parke come back to life, return to the bench, and be transferred to Michigan.

9.  Under M.C.L. § 600.2912e, the defendant is required to file an affidavit of meritorious defense no later than 91 days after plaintiff has filed an affidavit of merit. The statutory requirements for an affidavit of meritorious defense are the same as for an affidavit of merit. Presumably, if defendant has a right to challenge and obtain dismissal of plaintiff's complaint on the grounds that the affidavit does not conform to the statute, an argument could be made that plaintiff then has a right to challenge the affidavit of meritorious defense and obtain a default on the grounds that the affidavit of meritorious defense is nonconforming. In any event, this issue is not before the Court.