805 So.2d 28 (2001)
COLUMBIA/JFK MEDICAL CENTER LIMITED PARTNERSHIP, d/b/a JFK Medical Center, Petitioner,
v.
Judy BROWN and Charity Brown, her daughter, James Godwin, M.D., Sharab Mohamed, M.D., and Immediate Care, P.A., Respondents.
No. 4D01-4055.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
Rehearing Denied February 7, 2002.
Michele I. Nelson of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., West Palm Beach, for petitioner.
No response required for respondents.
KLEIN, J.
Petitioner, a hospital, seeks certiorari review of an order allowing a claim to proceed in a medical malpractice case. The hospital argues that the trial court erred in allowing one of the counts in the complaint to remain because it is based on entirely different conduct of the hospital than the conduct alleged in the presuit screening required by section 766.106, Florida Statutes (1997).
In the presuit screening it was alleged that the hospital is vicariously liable to plaintiff because of the negligence of its emergency room physicians and nursing staff. The corroborating affidavit required by section 766.203 was from an emergency physician.
In their complaint, plaintiffs included a count alleging that a gynecologist had negligently operated on plaintiff at the hospital, one day earlier, which had precipitated her returning to the hospital for the emergency room services described in presuit proceedings. This count alleged that the hospital negligently allowed the physician performing the surgery to have staff privileges.
*29 In Davis v. Orlando Regional Medical Center, 654 So.2d 664, 665-66 (Fla. 5th DCA 1995), the fifth district explained that the purpose of the presuit notice and the requirement of an expert's affidavit to corroborate the claim is not to notify the defendants as to how they were negligent, but rather is to demonstrate that the claim is legitimate. As Judge Peterson explained:
[T]he statute requires the expert corroborative opinion to prevent the filing of baseless litigation, not to set forth in protracted detail the plaintiffs theory of the case. Contrary to ORMC's [Orlando Regional Medical Center] position, nothing in the statute requires that the corroborating expert opinion identify every possible instance of medical negligence. § 766.203; see also § 766.205(1). In many cases it would be virtually impossible for a medical malpractice plaintiff to identify every possible instance of medical negligence at the pre-suit stage. Medical procedures themselves are complicated and typically require explanation by experts. Also, such crucial issues as causation and proximate cause often defy tidy identification and resolution as surgical patients commonly receive care from a battery of physicians, nurses and staff, as was the case with Davis.
In Davis the hospital was contesting the right of the plaintiff to include post-operative negligence by a nurse in the intensive care unit, in addition to the surgical negligence alleged prior to suit. The hospital argues that Davis is distinguishable in that in the present case the plaintiffs are seeking to hold the hospital liable for a different type of liability, negligently permitting a physician to have staff privileges.
The distinction argued by the hospital is not significant. The purpose of the statute is to prevent the filing of medical malpractice claims which are not legitimate. Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA 1992). That purpose has been satisfied where, as here, the presuit requirements were complied with as to one theory of negligence against the hospital. See also Patry v. Capps, 633 So.2d 9 (Fla.1994)(this statute should be construed in a manner favoring access to the courts.) We therefore deny certiorari.
POLEN, C.J., and WARNER, J., concur.