GOLD, MARC H., Associate Judge.

Background

On December 2,1997, Honoree DeCristo was voluntarily admitted for psychiatric care at Columbia Hospital in West Palm Beach. While at Columbia Hospital, Ms. DeCristo was under the care of appellee, Dr. Nancy Griff.
The next day, Ms. DeCristo, at her request, was discharged from the hospital. On December 10, 1997, Ms. DeCristo committed suicide.
The mother of Honoree DeCristo, Elaine DeCristo, as personal representative of the estate of her daughter, brought' suit against Columbia Hospital[1] and the appellee, Dr. Griff.
Attached to the complaint was a copy of the notice of intent to initiate litigation for medical malpractice, previously sent to the appellees, and the affidavit of Walter E. Afield, M.D., a board certified psychiatrist, pursuant to section 766.201, Florida Statutes. In his affidavit, Dr. Afield stated that based on his review of the medical records and other documents, it was his opinion that the appellees had failed to meet the appropriate standard of care by not converting the voluntary admission of Honoree DeCristo to an involuntary placement. Dr. Afield also stated: “to my knowledge no previous medical expert opinion by me has been disqualified.”
On July 5, 2001, over a year after the original suit was filed,[2] the defendant filed her motion to disqualify expert/motion to strike presuit/motion to dismiss/motion for sanctions. The motion was based on the deposition testimony of Dr. Afield wherein he testified that he had been previously disqualified as a presuit expert.
In response, the plaintiff filed, among other documents, an affidavit of Dr. Afield which reflected that:
1.. The case in which he was disqualified he had mistakenly listed himself as being a board certified neurologist when, in fact, he was a board certified member of the American Board of Psychiatry and Neurology.
2. His statement in the presuit affidavit that he had never been disqualified was based on advice of legal counsel. Attached to his affidavit was a letter provided to him by an attorney which confirmed this statement.
3. He had “not [sic] discussed this issue regarding the striking of [his] affidavit with neither [Plaintiffs counsel] nor Mrs. DeCristo at any time prior to the motion to strike that has been filed herein.”
The • plaintiff filed an affidavit stating that she had no knowledge of the disqualification of any medical opinion of Dr. Afield. Plaintiffs counsel filed a similar affidavit.
At the hearing on this matter, the trial court specifically found that the misstatement was not attributable to either the plaintiff or her counsel.
The trial court subsequently entered an order granting the defendant’s motion. Dr. Afield was disqualified as a witness, as were his opinions. Dr. Afield’s presuit affidavit was stricken and, because the statute of limitations had run, the trial court ruled that dismissal of the plaintiffs case, with prejudice, was required.

*911
Analysis

“The standard for reviewing' a dismissal for failure to comply with presuit procedures in a medical malpractice action is abuse of discretion.” Vincent v. Kaufman, 855 So.2d 1153 (Fla. 4th DCA 2003).
With this understanding, it is well settled that the striking of a party’s pleadings for failure to comply with Chapter 766 presuit requirements is an extraordinary sanction justified only in extreme situations. McPherson v. Phillips, 877 So.2d 755, at n. 3 (Fla. 4th DCA 2004). In addition, the Florida courts have held that the presuit notice and screening statutes should be construed in a manner that favors access to the courts. See Patry v. Capps, 633 So.2d 9, 13 (Fla.1994); Williams v. Campagnulo, 588 So.2d 982, 983 (Fla.1991).
The appropriateness of the sanction depends on the circumstances of each case and an important factor to be considered is the prejudice, if any, suffered by the opposing party. De La Torre v. Orta, 785 So.2d 553 (Fla. 3d DCA 2001).
“The purpose of the presuit notice and the requirement of an expert’s affidavit to corroborate the claim is ... to demonstrate that the claim is legitimate.” Columbia/JFK Med. Ctr. Ltd. P’ship v. Brown, 805 So.2d 28,29 (Fla. 4th DCA 2002). In the instant case, the nature of Dr. Afield’s disqualification in the prior case was based upon his attestation of qualifications, not on the actual opinion rendered. There was no evidence that either the plaintiffs lawyer or the plaintiff was aware of this information. In fact, the trial court specifically found the misstatement was not attributable to either the plaintiff or her counsel. Even if Dr. Afield had included the previous disqualification in his presuit affidavit, it would not affect the acceptability of his opinion so long as he was qualified to render the opinion. See Faber v. Wrobel, 673 So.2d 871 (Fla. 2d DCA 1996). Whatever prejudice, if any, was suffered by the defendant due to the misstatement of Dr. Afield, it did not warrant the striking of the otherwise appropriate presuit affidavit, particularly where the appellant had no involvement in the misconduct. The sanction should more appropriately be directed to Dr. Afield, not the plaintiff.
We reverse and remand the case to the trial court to fashion a lesser sanction commensurate with the violation.
REVERSED.
POLEN and MAY, JJ., concur.

. -The lawsuit against Columbia Hospital has been resolved.

. There were two amended complaints.