MORRIS, Judge.
Petitioners, Brian C. Rell, D.P.M., and Coastal Orthopedics & Sports Medicine of Southwest Florida, P.A., seek a writ of certiorari to quash an order denying their motion to dismiss the medical malpractice complaint brought by respondents, David McCulla and Margaret McCulla. The trial court denied the motion on the basis that the McCullas had satisfied the presuit notice requirements set forth in section 766.203(2), Florida Statutes (2011). Because we hold that the trial court departed from the essential requirements of the law in making that finding, we grant the petition and quash the order of the trial court.
We have jurisdiction pursuant to Article V, Section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(A). See Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011); Fassy v. Crowley, 884 So.2d 359, 362-63 (Fla. 2d DCA 2004).
I. Background
The McCullas’ complaint was based on injuries Mr. McCulla suffered to his anterior tendon in his right ankle. Mr. McCul-la claimed the injuries were a result of two arthroscopic surgeries and a steroid injection performed by Dr. Rell, a podiatrist, between December 2008 and March 2009.
The McCullas’ complaint further alleged that in September 2009, Mr. McCulla sought a second opinion from Dr. James Cottom. An MRI revealed that Mr. McCulla was suffering from a partial tear of the tendon which led Dr. Cottom to perform two more surgeries. Dr. Cot-tom’s operative report indicated that Mr. McCulla developed “a partial tear with tibialis anterior tendon as a result of previous arthroscopic debridement, where the instrumentation openly irritated tibialis anterior tendon.” The McCullas also alleged that they learned in March 2011 that *880 the steroid injection performed by Dr. Rell may have weakened the involved anatomy and predisposed it to tearing.
On March 7, 2011, the McCullas served their notice of intent to initiate medical malpractice action on Dr. Rell and Coastal. They attached the verified opinion of Dr. Jeff D. Kopelman. Dr. Kopelman’s opinion stated in relevant part:
According to the records, Dr. Cottom felt that the medial anterior port of the arthroscopic surgery by Dr. Rell partially tore the tibialis anterior tendon.
Additionally ... Dr. Rell injected 25% of dexamethasone phosphate into some scar buildup along the medical portal incision site. The concerns here, which would warrant further investigation, are (a) did the steroid go into the tendon and possibly weaken it and/or (b) predispose it to tearing? The evaluation of these concerns warrants further investigation ....
In my expert opinion, based on the records provided, there are reasonable grounds that the patient’s tibialis anteri- or tendon could have been weakened or injured by the steroid shot given by Dr. Rell. This is notwithstanding that we are dealing with a patient with previous ankle medical history, as well as five surgeries on his foot, and therefore with increases in his risks of scarring, arthritis and possible future foot problems.
Dr. Kopelman did not opine whether he believed that Dr. Rell’s treatment fell below the standard of care or whether the injury was outside of the foreseeable results of the procedures.
As a result, Dr. Rell and Coastal responded to the notice of intent with a letter to the McCullas notifying them that the corroborating affidavit was deficient. On September 23, 2011, Dr. Kopelman executed an addendum to his original affidavit which stated:
To clarify and supplement my Verified Opinion dated March 4, 2001, I would state that, based on the records reviewed, there exists reasonable corroborating grounds to further investigate a claim of medical negligence against Brian Rell, DPM[,] and the causation of damage to patient David McCulla’s anterior tibialis tendon. I continue to reserve the right to modify my opinions based on additional information.
Similar to the original corroborating affidavit, the addendum did not include any opinions stating that there were reasonable grounds to believe Dr. Rell’s treatment fell below the standard of care.
After the McCullas filed their complaint, Dr. Rell and Coastal moved to dismiss, arguing that the McCullas failed to comply with the presuit notice requirements of section 766.203(2) because they did not obtain a corroborating opinion from a medical expert attesting that Mr. McCulla’s injuries were caused by medical negligence. In denying Dr. Rell and Coastal’s motion to dismiss, the trial court held that while “the letters provided by Dr. Kopel-man may have been less than adequate to independently support a claim of medical negligence,” the letters, in conjunction with the McCullas’ counsel’s review of the records, were sufficient to satisfy the requirements of section 766.203(2).
II. Analysis
Our standard of review in this certiorari proceeding is to determine whether there has been a(l) departure from the essential requirements of the law, (2) resulting in material injury, and (3) which cannot be remedied in a post-judgment appeal. See Williams, 62 So.3d at 1132. Certainly, where a plaintiff in a medical malpractice action has failed to satisfy the presuit notice requirements set *881 forth in section 766.203(2), the defendant in such an action would suffer a material injury that could not be remedied in a postjudgment appeal if the action was allowed to proceed. Corbo v. Garcia, 949 So.2d 366, 368 (Fla. 2d DCA 2007). Thus, because the jurisdictional basis for certio-rari has been met, see Williams, 62 So.3d at 1132, we are left to determine whether the trial court departed from the essential requirements of the law by finding that the statutory requirements were satisfied. We conclude that it did.
Section 766.203(2) provides that:
Presuit investigation by claimant.— Prior to issuing notification of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant’s submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
The purpose of the medical expert opinion is to “ ‘assure[ ] the [defendants, and the court, that a medical expert has determined that there is justification for the [pjlaintiff s claim’ ” ; that is, the purpose is “ ‘not to give notice of [the plaintiffs claim],’ ” but rather to “ ‘corroborate that the claim is legitimate.’ ” Davis v. Orlando Reg’l. Med. Ctr., 654 So.2d 664, 665 (Fla. 5th DCA 1995) (quoting Stebilla v. Mussallem, 595 So.2d 136, 139 (Fla. 5th DCA 1992)); see also DeCristo v. Columbia Hosp. Palm Beaches, Ltd., 896 So.2d 909, 911 (Fla. 4th DCA 2005); Shands Teaching Hosp. & Clinics, Inc. v. Barber, 638 So.2d 570, 572 (Fla. 1st DCA 1994). Indeed, this court holds that “ ‘[t]he notice of intent to initiate litigation and the corroborating medical expert opinion, taken together, must sufficiently indicate the manner in which the defendant doctor allegedly deviated from the standard of care[,] and must provide adequate information for the defendants to evaluate the merits of the claim.’ ” Ragoonanan ex rel. Ragoonanan v. Assocs. in Obstetrics & Gynecology, 619 So.2d 482, 484 (Fla. 2d DCA 1993) (quoting Duffy v. Brooker, 614 So.2d 539, 545 (Fla. 1st DCA 1993)). Thus, the issue here is whether the McCul-las’ corroborating affidavit sufficiently indicated that the McCullas had a legitimate claim for medical malpractice. In other words, did the corroborating affidavit sufficiently set forth that Dr. Rell “was negligent in the care and treatment of’ Mr. McCulla and that “[s]uch negligence resulted in injury to” Mr. McCulla?
We have not identified any authority holding that a medical malpractice plaintiffs attorney will suffice as a “medical expert” for purposes of providing an opinion to meet the presuit requirements of section 766.203(2). Thus the fact that the McCullas’ attorney reviewed the records himself and had discussions with Mr. McCulla and Dr. Kopelman about whether medical negligence occurred is of no import. Consequently, we are left solely with Dr. Kopelman’s corroborating affidavit in determining whether the statutory requirements were met.[1]
The McCullas cite Davis in support of their argument that the presuit notice was *882 sufficient. However, the facts in Davis are materially different. There, the corroborative opinion specified that the care and treatment provided to the patient during surgery fell below the accepted standard of care, and the issue was whether a claim for postsurgical negligence could be maintained when the presuit corroborating affidavit did not specifically address that issue. 654 So.2d at 665. Those are not our facts.
The McCullas also rely on Jackson v. Morillo, 976 So.2d 1125 (Fla. 5th DCA 2007), for the proposition that the presuit notice requirements must be liberally construed. The McCullas contend that a liberal construction of their corroborating affidavit would render it satisfactory under section 766.203(2). However, we find that the McCullas’ reliance on Jackson is misplaced. As in Davis, the medical expert in Jackson opined that negligent care and treatment were provided to the patient. Jackson, 976 So.2d at 1129. The issue in that case was whether the corroborating affidavit was sufficient where it failed to name a codefendant despite the fact that the notice of intent apparently did so name the codefendant.[2] Id. at 1127-28. Again, these are not our facts.
Here, Dr. Rell and Coastal challenge the adequacy of Dr. Kopelman’s corroborating affidavit on the basis that it never indicated that Dr. Rell provided negligent care or treatment or that there were reasonable grounds to believe that medical negligence had occurred. We agree that the affidavit in this case did not meet the requirements set forth in section 766.203(2).
In the corroborating affidavit, Dr. Ko-pelman noted that Dr. Cottom believed the arthroscopic surgery performed by Dr. Rell tore Mr. McCulla’s anterior tendon but Dr. Kopelman did not go so far as to opine that such action constituted medical negligence. Further, although Dr. Kopel-man opined that there were reasonable grounds to believe that Mr. McCulla’s anterior tendon could have been weakened or injured by the steroid shot administered by Dr. Rell, Dr. Kopelman again failed to opine that medical negligence occurred as a result, instead opining that further investigation was required. And even in Dr. Kopelman’s addendum to his corroborating affidavit, he opined merely that there were reasonable grounds “to further investigate a claim of medical negligence against Brian Rell, DPM and the causation of damage to patient David McCulla’s anterior tibialis tendon.” Thus, there was never any definitive corroboration that the McCullas’ claims were legitimate, i.e., that Dr. Rell provided negligent care and treatment to Mr. McCulla and that such negligence re- *883 suited in an injury to Mr. McCulla. And because the corroborating affidavit failed to indicate in which manner Dr. Rell deviated from the standard of care, Dr. Rell and Coastal were prevented from conducting a full evaluation of the merits of the claim. See Ragoonanan ex rel. Ragoonanan, 619 So.2d at 484 (explaining that notice of intent in conjunction with corroborating medical expert opinion must provide sufficient notice of how the defendant doctor deviated from the standard of care and must provide adequate information to allow for full evaluation of the merits of the claim). Because the requirements of section 766.208(2) were not met, the trial court departed from the essential requirements of the law when it failed to grant Dr. Rell and Coastal’s motion to dismiss.
Accordingly, we grant Dr. Rell and Coastal’s petition for writ of certiorari, quash the order of the trial court wherein it determined that the presuit notice requirements of section 766.203(2) were met, and remand for further proceedings.
Petition for writ of certiorari granted; order quashed.
KELLY and BLACK, JJ„ Concur.

. As noted herein, the trial court determined below that the corroborating affidavit “may *882 have been less than adequate to independently support a claim of medical negligence.”

. The opinion indicates that the appellant argued that the notice of intent served on Dr. Morillo advised him that his care and treatment of the patient was at issue and that the notice, as corroborated by the affidavit, complied with section 766.203(2). Jackson, 976 So.2d at 1127-28. In its analysis, the court noted that Dr. Morillo did not challenge the sufficiency of the notice of intent, and in fact, he responded to it and ultimately denied the claim. Id. at 1128. Instead, Dr. Morillo only challenged the adequacy of the corroborating affidavit. Id.
We note that our court appears to have reached a different conclusion than the Jackson court based on similar facts. In Jackson, the court determined that the presuit notice requirements were met despite the fact that the corroborating affidavit failed to name Dr. Morillo. Jackson, 976 So.2d at 1127-29. But in Bonati v. Allen, 911 So.2d 285 (Fla. 2d DCA 2005), this court held that where a corroborating affidavit indicated that medical negligence had occurred by certain named parties but it failed to name Dr. Bonati, the presuit notice requirements of section 766.203(2) had not been met. Id. at 288.