GOSHORN, Judge.
Maria Otero appeals from the final order of the State Retirement Commission affirming the State Retirement Director’s denial of her application for total and permanent disability and in-line-of-duty disability benefits. Because the Commission used an incorrect standard to judge Otero’s claim and because the numerous factual errors in the Commission’s order invalidate its conclusion, we reverse and remand for a new hearing.
Otero was an elementary school teacher in Dade County. In 1990, she was offered the only vacant position, a teaching position in a class where students had learning disabilities, emotional handicaps, and behavioral problems. Otero was not trained or certified to teach these students. She was told there would be only seven to eleven children in the class, but in fact 22 to 24 ' children with varying exceptionalities were placed in her room. The children ranged from kindergarten to sixth grade. Otero was required to. write individual lesson plans for each child every day and keep extensive records of each child. Otero worked hard and was well-regarded by her supervisor, who was “very happy” with Otero’s work. Unfortunately, Otero suffered increasingly severe migraine headaches. The pain from the headaches eventually caused her to vomit and pass out. Otero was forced to take a leave of absence in June 1991 and was never able to return to teaching. She continues to suffer the debilitating migraine headaches to this day.
Otero’s neurologist, Dr. Macksoud, testified without contradiction that Otero was totally incapacitated due to the severity of her migraines. Dr. Macksoud ran a battery of tests on Otero to rule out possible causes for the headaches and concluded the pain was from migraines. It was her opinion within a reasonable degree of medical probability that Otero’s disability arose out of or was aggravated by her work. There was, she testified, a substantial causal relationship between Otero’s job environment and her condition. Within a reasonable medical probability, Ote-ro’s six-month occupational exposure to the stress of the exceptionalities class triggered or aggravated Otero’s headaches. She testified that even if Otero was predisposed to migraines, “with the workload and the conditions at work,” Otero’s condition was aggravated, leaving Otero completely and permanently disabled.
At the conclusion of the hearing, the Commission vote was deadlocked. The transcript was submitted to three other Commissioners, who voted to sustain the State Retirement Director’s decision to deny benefits. The Commission’s order contains numerous findings of fact that are either unsupported by the transcript and record or are directly contrary thereto. The order further reflects that the standard used by the Commission to determine Otero’s case was whether her illness was the “substantial producing cause” of her total and permanent disability, without any consideration of whether the illness was an aggravating cause thereof. See Fla. Admin. Code R. 60R-1.00481.[1] Because the *1149 Commission’s decision was not made in accordance with its own rules, we reverse and remand for a new hearing. See § 121.23(4)(b) and (e), Fla. Stat. (1997).
REVERSED and REMANDED for further proceedings.
DAUKSCH and THOMPSON, JJ., concur.

. Florida Administrative Code Rule 60R-1.00481, “Medical Evidence,” sets out the type of evidence necessaiy to establish eligibility for inline-of-duty disability benefits:
(1) Competent medical evidence of total and permanent disability is required for a determination of disability retirement eligibility.
(2) Competent medical evidence of total and permanent disability requires testimony by a licensed physician, either at the hearing, or in *1149 a deposition, in which the member and the Division of Retirement had an opportunity to participate.
(3) In cases of eligibility for in line of duty disability benefits, competent medical evidence shall be required showing that an injury or illness, arising out of and in the actual performance required by the member's employment, was the substantial producing cause or aggravating cause of the member's total and permanent disability.
(4) Medical records may be admitted as hearsay, but shall be insufficient for a finding of disability retirement eligibility.