796 So.2d 544 (2001)
Becky S. TORREY, etc., Appellants/Cross-Appellees,
v.
LEESBURG REGIONAL MEDICAL CENTER, et al., Appellees/Cross-Appellants.
No. 5D98-2024.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
*545 Roger E. Craig of Roger E. Craig & Associates, Naples, and Geoffrey N. Fieger and William H. McHenry, Southfield, MI, for Appellant/Cross-Appellee.
Larry D. Hall and William W. Large, of Hill, Reis, Adams, Hall & Schieffelin, P.A., Orlando, for Appellee/Cross-Appellant, Leesburg Regional Medical Center.
Jeffrey S. Badgley, Rafael E. Martinez and Ruth C. Osborne, of McEwan, Martinez, Luff, Dukes and Ruffier, P.A., Orlando, for Appellee/Cross-Appellant, Kenneth Kupke, M.D.
G. Franklin Bishop, III, of Bussey, White, McDonough and Freeman, P.A., Orlando, for Appellee/Cross-Appellant, Robert Hux, M.D.

ON MOTION FOR REHEARING
HARRIS, J.
In our initial opinion in this matter we affirmed the trial court's dismissal of the action based on the fact that plaintiffs attorney was unauthorized to practice law in Florida and that his filings were therefore a nullity. However, in Torrey v. Leesburg Regional Medical Center, 769 So.2d 1040 (Fla.2000), the Florida Supreme Court held that one who employs a lawyer not authorized to practice in Florida should have a reasonable period after this disqualification is brought to his attention to substitute authorized counsel. It remanded the matter to us to determine the issue on cross-appeal.
In addition to defending the trial court's dismissal of the action because it was brought by an unauthorized attorney, appellee filed a cross-appeal claiming the court erred in not also dismissing the action because plaintiff failed to comply with the presuit requirements of section 766.106, Florida Statutes. In our previous opinion, we addressed the cross-appeal only in passing by noting that the issue raised therein, the total lack of plaintiffs compliance with statutory presuit screening requirements even after a second notice to do so, pointed out the wisdom of rule 2.060(b), Florida Rules of Judicial Administration which provides "[a]ttorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing."
We now determine the issue of the cross-appeal.
Admittedly plaintiff did not comply with the statutory requirements designed to encourage pretrial settlements of medical malpractice actions. First, plaintiff failed to attach to his notice of intent the verified written medical expert opinion giving reasonable grounds to support the allegations of medical negligence. Even though an affidavit was attached to the complaint filed within the statute of limitations, thus curing this particular violation,[1] this belatedly filed affidavit failed to comply with statutory requirements in that it failed to "specify whether any previous opinion by the same medical expert has been disqualified and if so, the name of the court and the case number in which the ruling was issued." See section 766.203(4), Florida Statutes.
Further, plaintiff totally failed to comply with the statutory requirements of making *546 discoverable information available upon request without resorting to formal discovery motions. This noncompliance continued even after a second request. Hence, no presuit discovery was possible in this case and the purpose of the statute was totally frustrated. Since the trial court dismissed the action because it was filed by an unauthorized lawyer, it did not discuss in any depth the noncompliance issue although it did find that "plaintiffs actions did not rise to the level of willful noncompliance that would result in dismissal." To sustain this finding would require us to ignore the statutory efforts for a quick and less expensive resolution of medical malpractice claims. Further, the finding is not supported by the record. Perhaps failing to comply with the first request could be construed non-willful, failing to respond to a second request simply cannot be.
Courts must recognize the constitutional right of the legislature to enact statutes. The statutes in this case are not ambiguous. "Upon receipt by a prospective defendant of a notice of claim, the parties shall make discoverable information available without formal discovery." Section 766.106(6), Florida Statutes (emphasis added). "Such access [to information within a party's possession or control] shall be provided without formal discovery, pursuant to s. 766.106, and failure to so provide shall be grounds for dismissal of any applicable claim or defense ultimately asserted." Section 766.205(2), Florida Statutes (emphasis added). "The medical expert opinions required by this section shall specify whether any previous opinion by the same medical expert has been disqualified..." Section 766.203(4), Florida Statutes (emphasis added).
This issue was well decided in Clark v. Sarasota County Public Hospital Board, 65 F.Supp.2d 1308 (M.D.Fla.1998):
The court concludes that two omissions discussed above [failure of the medical expert opinion to establish appropriate credentials and failure of the opinions to disclose whether the expert has had previous opinions disqualified] do in fact render the Plaintiffs' notice of intent to sue, legally insufficient. To conclude otherwise would negate the express language and belie the clear intent of Chapter 766.
* * *
As for Plaintiffs' failure to include information in Drs. Schwartz's and Semel's affidavits regarding whether a court has ever disqualified them as experts, that omission flies in the face of the express language of § 766.203(4), Florida Statutes which clearly requires such a statement. And, like the omission discussed in the proceeding paragraph, it deserves the purpose of requiring the corroborating medical opinion by denying the Defendants the ability to accurately assess the true expertise of the person giving the opinion and, consequently, to properly analyze the threat posed by the Plaintiffs' claims. In sum, since the Plaintiffs have failed to comply with the presuit requirements of §§ 766.106 and 766.203, Florida Statutes, their complaint must be dismissed pursuant to § 766.206(2).
Thus, the failure to comply with discovery requests after a second notice coupled with the failure to comply within the statute of limitations with section 766.203(4) convinces us that the court erred in not dismissing the complaint for failure to meet the condition precedent of statutory compliance. See Kukral v. Mekras, 679 So.2d 278, 280 (Fla.1996) ("Chapter 766, Florida Statutes (1995), sets out a complex presuit investigation procedure that both the claimant and defendant must follow *547 before a medical negligence claim may be brought in court.").
REVERSED and REMANDED with directions to grant the defendant's motion to dismiss.
PLEUS and ORFINGER, R.B., JJ., concur.
NOTES
[1] See Kukral v. Mekras, 679 So.2d 278 (Fla. 1996).