796 So.2d 644 (2001)
Jimmy L. MILLER, Appellant,
v.
STATE of Florida, DIVISION OF RETIREMENT, Appellee.
No. 1D00-4550.
District Court of Appeal of Florida, First District.
October 17, 2001.
*645 Stanley M. Danek, Esquire, Tallahassee, for Appellant.
Thomas E. Wright, Esquire, Tallahassee, for Appellee.
BENTON, J.
Jimmy L. Miller, a retired state employee already granted regular disability retirement benefits, appeals denial of his petition for in-the-line-of-duty disability retirement benefits. See § 121.021(13), Fla. Stat. (1997); Otero v. State Ret. Comm'n, 720 So.2d 1147 (Fla. 5th DCA 1998); Pridgeon v. State, Div. of Ret., 662 So.2d 1028 (Fla. 1st DCA 1995). We affirm.
After listening to several witnesses' testimony and considering certain depositions, including the deposition of one Alan Waldman, M.D., the State Retirement Commission voted (six to one) to deny Mr. Miller's petition for in-the-line-of-duty disability retirement benefits. See § 121.24(1)(a), Fla. Stat. (2000). At the hearing, when the Division of Retirement (within the Florida Department of Management Services) offered Dr. Waldman's deposition, Mr. Miller (who has been represented by counsel at all times) made no objection to its coming in.
After the hearing had concluded and the vote had been taken, however, Mr. Miller filed a motion for reconsideration. The motion for reconsideration reiterated arguments made on Mr. Miller's behalf at hearing to the effect that Dr. Waldman's opinion was entitled to little or no weight. In the motion for reconsideration for the first time, Mr. Miller also argued that Dr. Waldman's deposition should have been excluded altogether.
Mr. Miller argues here as below that Dr. Waldman's opinion on the etiology of Mr. Miller's disability, even if technically competent, should be deemed insubstantial as a matter of law, because Dr. Waldman never treated or even examined Mr. Miller.
*646 He contends that limitations the Workers' Compensation Law places on the use of medical experts support his position. See § 440.13(5)(e), Fla. Stat. (2000); Clairson Int'l v. Rose, 718 So.2d 210, 212 (Fla. 1st DCA 1998). He also argues by analogy to social security disability cases. See Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir.1988) ("The reports of reviewing nonexamining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090 (11th Cir.1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir.1980).").
But the governing provisions here are the Florida Retirement System Act and Florida's Administrative Procedure Act. Section 120.569(2)(g), Florida Statutes (2000), allows consideration of all relevant, non-cumulative "evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." Dr. Waldman's deposition falls under this broad heading and would, indeed, be admissible in civil judicial proceedings.
Mr. Miller raised no hearsay objection here or below. See § 120.57(1)(c), Fla. Stat. (2000). Under the Administrative Procedure Act, any type of competent evidence (evidence "admissible over objection in civil actions," id.) may support a finding of fact, as long as it is substantial in light of the record as a whole. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.").
Applying this standard in the present case, we conclude that the State Retirement Commission's decision denying Mr. Miller's petition for in-the-line-of-duty disability retirement benefits does not "depend[] on any finding of fact that is not supported by competent, substantial evidence in the record of [the] hearing." § 120.68(7)(b), Fla. Stat. (2000).
We also reject Mr. Miller's final argument, which is that the Chair of the State Retirement Commission lacked authority to act on the motion for reconsideration without reconvening the entire Commission. Only because the Commission's decision had not been reduced to writing was the motion even arguably entertainable at all. See State, Dep't of Mgmt. Servs. v. Lewis, 653 So.2d 467, 469 (Fla. 1st DCA 1995) (noting "that Rule 60R-1.0061(3) provides that the Commission shall not consider motions for rehearing" but upholding an order entered during proceedings that transpired, apparently on the Commission's own motion, after a vote had been taken but before a written order had been entered).
As regards this motion for reconsideration particularly, the Commission Chair was a "[p]residing officer ... qualified to resolve ... [the] procedural question[ ]." Fla. Admin. Code R. 28-106.102 (defining "presiding officer" to include a "person authorized by law to conduct administrative hearings"); see § 121.24(1)(b), Fla. Stat. (2000). See also Fla. Admin. Code R. 60R1.005(4). The Chair could and did "take ... action ... necessary to ensure that the business of the commission [wa]s conducted in an equitable, orderly and expeditious manner." § 121.24(1)(b), Fla. Stat. (2000); see Fla. Admin. Code R. 60R1.005(4). Apart from restating arguments already made to and rejected by the full Commission, the motion for reconsideration was nothing more than an untimely and ill-founded evidentiary objection.
Affirmed.
WOLF and KAHN, JJ., CONCUR.