BENTON, J.,
concurring in the judgment.
The appellant complains both that her administrative appeal of a successive application for regular disability retirement benefits was dismissed by the Vice-chair of the State Retirement Commission and that the Vice-Chair denied an ensuing motion for reconsideration.
We recently rejected the contention that “the Chair of the State Retirement Commission lack[s] authority to act on [a] motion for reconsideration without reconvening the entire Commission.” Miller v. State, Div. of Ret., 796 So.2d 644, 646 (Fla. 1st DCA 2001). Nor does a three-member panel have to be reconvened.
But dismissing the administrative appeal from denial of the successive application in the first instance was a different matter. The Vice-chair disposed of the case when he granted the motion to dismiss. By statute, this is beyond the presiding officer’s prerogative, absent the concurring vote of another panel member. § 121.24(l)(a), Fla. Stat. (2001).