PER CURIAM.
The petitioners, Katherine P. Wolford and her husband, Barry Wolford [“the Wolfords”], plaintiffs below, seek mandamus or prohibition relief to enforce a mandate of this court and compel the trial court to enter an order striking the responsive pleadings of respondents Scott A. Boone, M.D. [“Boone”] and Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital [“Florida Hospital”], the defendants below.
This litigation is based on alleged injuries sustained by Katherine Wolford resulting from surgery performed by Dr. Boone while she was a patient at Loch Haven OB/GYN Group, which is owned and operated by Florida Hospital. The Wolfords served pre-suit discovery requests with which Boone did not comply. Boone claimed excusable neglect in failing to comply with the pre-suit procedures of the medical malpractice statute and contends that his failures should not deprive him of the right to defend himself. After a hearing, the trial court denied the Wol-fords’ motion to strike the respondents’ pleadings without explanation.
The Wolfords sought certiorari review of the denial order in this court. Recognizing that the defaulting party in pre-suit discovery should demonstrate that its failure to comply with the pre-suit requirements did not frustrate the statute’s goals or prejudice the opposing party, this court granted the petition in part and denied it in part. Wolford v. Boone, 874 So.2d 1207 (Fla. 5th DCA 2004). We said:
Because our role is to review orders imposing or declining to impose a sanction for abuse of discretion, it is impossible for this court to carry out any meaningful review without findings by the trial court. In Torrey,[1] the trial court had sufficiently explained the basis for his ruling. In this case, there is no explanation of the trial court’s analysis of the relevant facts or any explanation why the analysis in Torrey is not applicable. We simply cannot tell whether the trial court abused its discretion in apparently concluding that respondents’ conduct was not willful or that Torrey did not apply. Accordingly, we grant the petition to the extent that the order at issue lacks findings. And, in future, we will require the trial court to explain *41 the legal or factual basis for its ruling on sanctions in medical malpractice cases, at least where, as here, the basis for the decision is not apparent.
Id. at 1210.
The Wolfords then filed a motion for clarification asking:
(a) Whether it is this Court’s desire that the lower court explain the legal and/or factual basis for its ruling in order to allow this Court to carry out a meaningful review under the abuse of discretion standard or
(b) Whether the lower court should reconsider the motion in light of this Court’s opinion.
Boone and Florida Hospital filed a response to the motion for clarification, arguing that there was no need for clarification because the opinion from this court directed the trial court to explain the legal or factual basis of the ruling on sanctions and “[t]here is nothing in this Court’s decision which can be interpreted to direct the Trial Court to reconsider the merits of its decision not to strike the Defendant’s pleadings.” This court granted the motion for clarification, deleting the words “in part” from the opinion and explaining:
The effect of the Court’s opinion was to invalidate the January 29, 2003, order of the lower court on the motion to strike as being inadequate, as explained therein. The motion to strike must now be disposed of by another order. The lower court may either issue an order that contains the requisite findings or issue a different order.
Following our clarification order, Boone filed a motion in the trial court to set an evidentiary hearing, seeking an opportunity to present further evidence justifying the trial court’s earlier denial order. Florida Hospital joined in this motion. The Wolfords filed a motion seeking entry of an order on the motion to strike the respondents’ pleadings and opposed the motion for evidentiary hearing. They contend that our order required only that a new order be entered but did not allow that additional evidence be heard. The Wolfords also assert that, having argued against an evidentiary hearing in opposing the motion for clarification, Boone and Florida Hospital had belatedly changed their position.
A hearing was apparently held on the motion to set evidentiary hearing and motion for entry of order striking the respondents’ pleadings during which the trial court verbally denied the motion for an evidentiary hearing and reserved ruling on the motion to strike.
After three months with no order forthcoming, the Wolfords filed a motion for case status. The trial court responded by vacating its earlier order denying an evi-dentiary hearing and ordering the parties to coordinate and schedule an evidentiary hearing. The Wolfords now seek an extraordinary writ to enforce the mandate of this court, to quash the lower court’s order for an evidentiary hearing and to compel the trial court to enter an order on the motion to strike.
We think it is plain that our prior opinion, especially as clarified, contemplated only an amended order containing findings of fact to explain and support the trial court’s decision, not a new evidentiary hearing. There was a complete record of the proceedings below and the judge should simply be able to identify what facts and evidence contained within the record had persuaded her to exercise her discretion to excuse the health care providers’ conduct, or if unable to do so, to issue a different ruling. Regrettably, in ordering a new evidentiary hearing after first declining to do so, the trial court again gave no reason. If the trial court had *42 explained why the requirement of findings of fact articulated in Wolford I would require a new hearing, it is likely we would have supported that decision. Having been given no reason to depart from the procedure ordered in Wolford I, however, the trial court shall either support its prior decision with findings of fact, or if unable to do so, make a different decision. It is so ordered.
PETITION GRANTED.
PETERSON, GRIFFIN and SAWAYA, JJ., concur.

. Torrey v. Leesburg Regional Medical Center, 796 So.2d 544 (Fla. 5th DCA 2001).