PALMER, J.
The petitioners seek a writ of certiorari regarding the trial court’s order denying them motion to dismiss the respondent’s medical malpractice lawsuit. The dismissal motion was based upon the respondent’s failure to comply with the presuit screening requirements of the Florida Statutes. See § 766.106, Fla. Stat. (2005). Concluding that the trial court did not depart from the essential requirements of law in denying the petitioners’ motion to dismiss, we deny the instant certiorari petition.
The respondent, Jason Cook, filed suit against the petitioners alleging that he was the victim of medical malpractice during surgery performed by Dr. Hance Phillips. Prior to filing his complaint, Cook served a notice of intent to initiate litigation against Dr. Phillips and Phillips’ employer, Bre-vard Ear, Nose, & Throat Center, P.A. In response to Cook’s notice of intent, and in compliance with the informal presuit discovery process set forth in Chapter 766 of the Florida Statutes, the petitioners sent Cook a request for presuit discovery via certified mail. See § 766.106(6)(a), Fla. Stat. (2005)(providing that, “upon receipt by a prospective defendant of a notice of claim, the parties shall make discoverable information available without formal discovery”).
Cook did not respond to the discovery request (although he had already provided other documents informally). The petitioners thereafter moved to dismiss Cook’s subsequently filed malpractice complaint based on his failure to respond to their presuit discovery request. In response, Cook contended the discovery requests were improper because they sought information about damage issues rather than liability issues. The trial judge held a hearing on the motion and exercised his discretion under section 766.106(7) to deny the motion.[1] We conclude that this exercise of discretion did not constitute a departure from the essential requirements of law.
The petitioner’s reliance on Torrey v. Leesburg Regional Medical Center, 796 So.2d 544, 546 (Fla. 5th DCA), rev. denied, 797 So.2d 590 (Fla.2001), is misplaced because the language in section 766.106(7), Florida Statutes (2000), which expressly states that the imposition of sanctions is discretionary, was not included in the version of the statute applicable in Torrey.
Petition DENIED.
SHARP, W., and GRIFFIN, JJ„ concur.

. Section 766.106(7) of the Florida Statutes (2000) provides: "SANCTIONS — Failure to cooperate on the part of any party during the presuit investigation may be grounds to strike any claim made, or defense raised by such party in suit.” (Emphasis added).