BROWNING, JR., EDWIN B., Senior Judge.
 

 Appellant seeks review of an order from the State Retirement Commission (“Commission”) that denied his claim for disability retirement. Appellant claimed that his total and permanent disability due to hypertension was presumed to be by accident suffered in-line-of-duty under section 112.18(1), Florida Statutes (2006). Because the Commission applied the incorrect standard specified in section 121.0515, Florida Statutes (2006), rather than section 943.10(2), Florida Statutes (2006), we agree and reverse the Commission’s order.
 

 Facts and Procedural Background
 

 Appellant began employment with the Department of Corrections as an inspector. In May 2004, he transferred to a correctional institution as a classification officer. He worked in this position for approximately five months before he left his employment after 2.91 years of service due to health reasons. In 2006, Appellant applied for in-line-of-duty disability benefits.
 

 As the sole reason for denying Appellant’s disability claim, the Commission found that Appellant’s position as a “classification officer” was not a special risk position under section 121.0515. Under such reasoning, Appellant could not claim the statutory presumption in section 112.18(1). By so doing, the Commission confused Appellant’s entitlement to a disability retirement with his entitlement to special risk retirement.
 

 Analysis
 

 This court reviews the Commission’s conclusions of law de novo and affirms findings of fact if they are supported by competent, substantial evidence.
 
 See Miller v. State, Div. of Ret.,
 
 796 So.2d 644 (Fla. 1st DCA 2001);
 
 see also
 
 § 121.23(4), Fla. Stat. (2008). The Commission oversees chapter 121, which outlines the Florida Retirement System (“FRS”). The FRS divides members into different classes, which include regular and special-risk. A member of the special-risk class may retire earlier and receive a higher monthly benefit than regular class positions. § 121.021(29)(b), Fla. Stat. (2006). However, a member who becomes totally and permanently disabled in the line of duty can receive disability benefits regardless of the years of service or his or her risk class. § 121.091(4)(a)l.a., Fla. Stat. (2006).
 

 Appellant relies on the presumption in section 112.18(1) to support his argument that his hypertension was in the line of duty, which would entitle him to disability benefits regardless of his years of service. Section 112.18(1) provides, in pertinent part, that:
 

 
 *136
 
 Any condition or impairment of health of any Florida state, municipal, county, port authority, special tax district, or lire control district firefighter or any law enforcement officer
 
 or correctional officer as defined in s. 9⅛3.10(1), (2), or (3)
 
 caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.
 

 (emphasis added). Section 943.10(2), defines “correctional officer” as
 

 any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody and control, or investigation, of inmates within a correctional institution; however, the term “correctional officer” does not include any secretarial, clerical, or professionally trained personnel.
 

 As its sole defense to Appellant’s claim, Appellee contends that under section 121.0515(2)(c), contrary to section 943.10(2), a correctional officer must be a special-risk position. Therefore, Appellant needed to hold a special-risk position in order to obtain disability benefits in the line of duty. By doing so, Appellee and the Commission erred by ignoring the controlling definition of correctional officer as contained in section 112.18(1). Section 112.18(1) refers to section 943.10(2), not section 121.0515 or any other statute, for the definition of correctional officer. Neither section 112.18(1) nor section 943.10(2) delineates between regular and special-risk classes.
 

 Section 943.10(2) clearly defines a “correctional officer” as a person whose primary responsibility is the “supervision, protection, care, custody and control, or investigation” of inmates. The record contains undisputed evidence that the primary responsibility of a classification officer is the protection and custody of inmates. A classification officer also investigates inmate activities and inmate disciplinary actions. Therefore, the position of “classification officer” fits the definition of “correctional officer” in section 943.10(2). The Commission erred in imposing an additional requirement that the position be special-risk to invoke the inline-of-duty presumption.
 

 In the proceedings below, the parties stipulated that Appellant met the medical requirements for section 112.18(1). Appel-lee did not dispute the medical evidence. Based on the parties’ stipulation, the Commission erred in determining that Appellant failed to meet the medical requirements of section 112.18(1). As Appellant fit the definition of correctional officer, he was entitled to the presumption of in-line-of-duty disability absent evidence from Ap-pellee to the contrary.
 

 Accordingly, we hold that the Commission incorrectly concluded that the definition of correctional officer required that the employment position be a special-risk position. Appellant is entitled to the presumption of in-line-of-duty disability under section 112.18(1) and, therefore, to disability retirement benefits pursuant to section 121.091(4)(a)l.a. We reverse the Commission’s order and remand with directions for the Commission to enter an order awarding disability benefits in the appropriate risk classification to Appellant.
 

 REVERSED and REMANDED with directions.
 

 ROBERTS and CLARK, JJ., concur.