PER CURIAM.
 

 Sandie Johnson appeals from an adverse determination of the State of Florida Department of Management Services, Division of Retirement Commission (Commission) on her claim for in-line of duty disability retirement benefits under the Florida Retirement System. Because the Commission’s determination is founded on competent substantial evidence, we affirm.
 

 Ms. Johnson was an employee of the Marion County School Board and was injured in the line of duty. At the time of her injury, Ms. Johnson’s creditable service in the state retirement program totaled less than the ten-year period required at the time for normal vesting. Thus, in order to recover retirement disability benefits, Ms. Johnson had to demonstrate an in-line of duty, work-related injury, which caused a total and permanent disability. After Ms. Johnson’s initial claim for benefits was denied, she appealed to the Commission, which conducted an evidentiary hearing on her claim. Following the hearing, the Commission concluded that Ms. Johnson failed to prove by competent evidence that she was totally and permanently disabled, concluding instead that at most, she demonstrated a temporary, moderate disability. This appeal followed.
 

 The standard of review for determinations of whether a claimant for disability retirement benefits is totally and permanently disabled is whether the finding is supported by competent, substantial evidence.
 
 Oller v. Div. of Ret.,
 
 415 So.2d 801, 801-02 (Fla. 1st DCA 1982);
 
 Amico v. Div. of Ret., Dep’t of Admin.,
 
 352 So.2d 556, 557 (Fla. 1st DCA 1977).
 

 As a non-vested member of the Florida Retirement System, Ms. Johnson was entitled to in-line of duty disability benefits only if her injury or illness arose out of and in the actual performance of the duties required by her employment and was the substantial cause or aggravating cause of her total and permanent disability.
 
 See
 
 § 121.091(4)(a), Fla. Stat. (2008);
 
 Otero v. State Ret. Comm’n,
 
 720 So.2d 1147, 1148 (Fla. 5th DCA 1998);
 
 Blanton v. Div. of Ret.,
 
 480 So.2d 134, 135 (Fla. 1st DCA 1985). This is generally a factual determination, and the burden of proof is on the member seeking to show entitlement to the disability retirement benefits.
 
 See
 
 Fla. Admin. Code R. 60R-1.0047. Here, although the evidence presented at the hearing was disputed, the Commission’s final order, denying benefits on the basis that Ms. Johnson failed to establish a total and permanent disability, is supported by competent, substantial evidence. We cannot reweigh the evidence. Accordingly, we affirm the Commission’s order.
 

 AFFIRMED.
 

 ORFINGER, LAWSON and EVANDER, JJ., concur.