PER CURIAM.
 

 Mark Larner appeals a final order of the State of Florida Retirement Commission denying his claim for in line of duty disability benefits under section 121.091(4)(a)l.a., Florida Statutes (2004). Because the Commission’s findings of fact regarding causation are not supported by competent and substantial evidence, we reverse and remand for further proceedings.
 

 While working as a correctional officer at the Hardee County Jail, Larner suffered an injury to his back on December 28, 2001. Over the course of the next several years, Larner received extensive medical treatment for his back, including fusion surgery on November 12, 2002, by Ashvil Patel, M.D. The surgery did not have desired outcome, and Larner continued to suffer back pain. He was treated and examined by several other medical providers thereafter, including Frederick J. McClimans. Larner left his employment with Hardee County on January 2005 because, he testified, he was asked to leave by his employer. No contrary evidence was presented on this point.
 

 Larner eventually sought in line of duty disability retirement benefits, but was denied benefits by the disability administrator. He appealed to the Retirement Commission which also denied disability retirement benefits. The Commission found in its Final Order, in pertinent part:
 

 11. At present it appears that Petitioner is not able to work but the Commission cannot merely grant total and permanent disability. Most of his conditions are the result of aging, possible prior accidents, and a botched surgery. The Commission finds no in line of duty accident was the contributing cause to Mr. Larner’s condition.
 

 This court reviews the Commission’s conclusions of law
 
 de novo
 
 and affirms findings of fact if they are supported by competent, substantial evidence.
 
 Costal v. State, Dep’t of Mgmt. Servs., Div. of Ret.,
 
 21 So.3d 134, 135 (Fla. 1st DCA 2009). The findings made in paragraph 11, quoted above, are not supported by competent, substantial evidence. Lar-ner testified that he did suffer a lone accident resulting in a back injury prior to his employment with Hardee County, but he also testified, without contradiction, that the prior injury was fully resolved before his employment with Hardee County began. It is undisputed that Lar-ner passed a pre-employment physical before beginning work at the jail. There is no evidence of record, that we have been directed to, indicating any other accident causing injury to his back. Further, the record lacks competent, substantial evidence that Larner’s back condition is causally connected to his age. Finally, while Larner’s fusion surgery did not alleviate all his symptoms, the record does not support the conclusion that the surgery was “botched.” In any event, it was the surgeon’s testimony that the need for
 
 *181
 
 surgery was the back pain which arose after the injury incurred at the jail on December 28, 2001. This testimony was not disputed.
 

 Accordingly, because the Commission’s findings are not supported by competent, substantial evidence, the Final Order is REVERSED, and the cause is REMANDED for further consideration by the Commission as to the issue of causation.
 
 See Crystal.
 

 VAN NORTWICK and CLARK, JJ., and BERGER, WENDY, Associate Judge, concur.