IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,

Petitioner,

CASE NO. 1D14-2688

v.

ERIC HIRTZEL,

Respondent.

_____/

Opinion filed May 12, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Stephen D. Hurm, General Counsel, and Nicholas A. Merlin, Assistant General Counsel, Department of Highway Safety & Motor Vehicles, Tallahassee, for Petitioner.

David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Respondent.

ON MOTION FOR CERTIFICATION

PER CURIAM.

By motion for certification, respondent Eric Hirtzel has asked us to certify, as a question of great public importance, "the question of whether a circuit court

should review the entire record to determine whether the hearing officer's order is based on competent substantial evidence in the record or whether the circuit court is limited to a review for any evidence in the record without regard to the competent and/or substantial nature of the evidence." We can fairly be said to have passed on this question when we ruled:

> On first tier certiorari review of a hearing officer's decision, the circuit court had to decide whether . . . the hearing officer's factual findings are supported by competent, substantial evidence. State, Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So.3d 457, 462 (Fla. 1st DCA 2014), review granted, 2014 WL 7251666 (Fla. Dec. 17, 2014). The competent, substantial evidence standard requires the circuit court to defer to the hearing officer's findings of fact, see id. at 465, unless there is no competent evidence of any substance, in light of the record as a whole, that supports the findings. See Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."). Compare Miller v. State, Div. of Ret., 796 So.2d 644, 646 (Fla. 1st DCA 2001) (concluding that the decision below did not rest on a finding of fact unsupported by competent, substantial evidence in the record), with Arnold v. Florida's Blood Ctrs., Inc., 949 So.2d 242, 246–47 (Fla. 1st DCA 2007) (determining that evidence, although competent, was not substantial).

But the present case differs from the decision in Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So. 3d 457, 470 (Fla. 1st DCA 2014) review granted sub nom. Wiggins v. Dep't of Highway Safety & Motor Vehicles, No. SC14-2195, 2014 WL 72516666 (Fla. Dec. 17, 2014), on the basis of which respondent urges

2

certification. There the panel certified the following question:

> WHETHER A CIRCUIT COURT FAILS TO APPLY THE CORRECT LAW BY REJECTING AS NON–CREDIBLE THE ENTIRETY OF AN ARRESTING OFFICER'S TESTIMONY AND REPORT CONCERNING A TRAFFIC STOP, UPON WHICH THE HEARING OFFICER'S FACTUAL FINDINGS RELIED, BASED SOLELY ON THE CIRCUIT COURT'S OWN INDEPENDENT REVIEW AND ASSESSMENT OF EVENTS ON THE VIDEO OF A TRAFFIC STOP?

The certified question in Wiggins could have been redrafted to ask whether a video clearly depicting events testified to differently by a witness could render the witness's testimony insubstantial in light of the record as a whole, but even in that event would not have posed a question that could make a difference in Mr. Hirtzel's case.

As we noted in our original opinion, the circuit court's order in the present case failed to take into account ample, competent evidence supporting the hearing officer's finding of probable cause, including law enforcement officers' testimony that Mr. Hirtzel answered yes when asked if he had been drinking alcohol; "that Mr. Hirtzel stated his vehicle flipped after hitting a pot hole or speed bump when, in fact, it overturned after he hit a wooden post, according to the officers who investigated the crash;" that he was seen speeding and shouting moments before the accident, and that he was still visibly intoxicated when they arrived to investigate. The hearing officer did not believe his story—told for the first time at

3

the hearing—that he decided to have a drink in the parking lot after the accident, and there is little in the circuit court's order—and no video or anything else in the record—to explain why the circuit court disregarded the competent, substantial evidence supporting the hearing officer's findings of fact.

The motion for certification is denied.

BENTON and BILBREY, JJ., CONCUR; CLARK, J., DISSENTS WITHOUT OPINION.