WINOKUR, J.
The trial court dismissed appellant’s wrongful death complaint for failure to satisfy statutory presuit requirements for medical malpractice actions. In granting appellees’ motion to dismiss, the trial court found that appellant failed to provide reasonable access to information during pre-suit investigation pursuant to section 766.205(2), Florida Statutes (2011), and that, based on this failure, the record did not support a finding that her medical expert was qualified under sections 766.102(5)(a)2., (6) and- (9), Florida Statutes (2011). We find that the record supports the trial court’s dismissal and affirm.
Chapter 766 sets forth the statutory scheme for medical malpractice actions, including requirements for presuit investigation. See Baptist Med. Ctr. of Beaches, Inc. v. Rhodin, 40 So.3d 112, 114 (Fla. 1st DCA 2010) (“[Cjhapter 766 requires a potential plaintiff to perform an investigation of the merits of the claim and prepare a notice of intent to litigate before filing suit.”); Shands Teaching Hosp. & Clinics, Inc. v. Barber, 638 So.2d 570, 572 (Fla. 1st DCA 1994) (“The purpose of a notice of intent to sue is to give the defendant notice of the incident in order to allow investigation of the matter and promote presuit settlement of the claim; the expert corroborative opinion is designed to prevent the filing of- baseless litigation.”). Even so, “the medical malpractice statutory scheme must be interpreted liberally so as not to unduly restrict a Florida citizen’s constitutionally guaranteed access to courts.” See Holden v. Bober, 39 So.3d 396, 400 (Fla. 2d DCA 2010) (quoting Kukral v. Mekras, 679 So.2d 278, 284 (Fla.1996)); but see Largie v. Gregorian, 913 So.2d 635, 638 (Fla. 3d DCA 2005) (“While the procedures set forth in Chapter 766 are not intended to deny access to the courts, they are ‘more than mere technicalities.’ ”) (quoting Correa v. Robertson, 693 So.2d 619, 621 (Fla. 2d DCA 1997)).
The presuit process requires a claimant to investigate whether the defendant was negligent in the care or treatment of the claimant and whether such negligence re- *350 suited in injury to the claimant. § 766.203(2), Fla. Stat. A medical expert must corroborate such findings in. a verified written opinion. Id. The expert must meet the qualifications set forth in sections 766.202(6) and 766.102(5).[1] The presuit medical expert opinion is subject to discovery. § 766.203(4), Fla. Stat.
Failure to provide reasonable access to information during presuit “shall be grounds for dismissal of any applicable claim or defense ultimately asserted.” § 766.205(2),. Florida Statutes. Likewise, section 766.206(2) requires dismissal of the claim where the court finds that the notice of intent does not contain a verified .written medical expert opinion by an expert witness as defined under section 766.202, Florida Statutes. Dismissal for failure to comply with Chapter 766 'presuit notice requirements “is an extraordinary sanction justified only in extremes situations.” See DeCristo v. Columbia Hosp. Palm Beaches, Ltd., 896 So.2d 909, 911 (Fla. 4th DCA 2005); see. also De La Torre v. Orta, 785 So.2d 553, 555 (Fla. 3d DCA 2001) (“It is well recognized in Florida law that dismissal of claims or defenses is an extreme sanction which should be used sparingly.”); Wolford v. Boone, 874 So.2d 1207, 1210 (Fla. 5th DCA 2004) (“[T]he striking of pleadings or dismissal of a case should be reserved for the most contumacious behavior.”). A court’s determination of the sanction to impose depends both on the circumstances of the case and what, if any, prejudice the opposing party has suffered. Robinson v. Scott, 974 So.2d 1090, 1093 (Fla. 3d DCA 2007) (holding that a physician was not prejudiced by plaintiffs failure to provide presuit discovery as the record did not show that failure to provide presuit discovery prevented physician from investigating the claim).
Appellant in this case repeatedly ignored requests for presuit discovery regarding her presuit expert’s statutory qualifications. Despite the parties agreeing to extend the ninety-day presuit period and appellees sending several letters to ■appellant expressing their concerns regarding the expert’s qualifications, appellant filed the medical negligence action without .sufficiently responding to appel-lees’ requests for information. Even after the trial judge imposed sanctions, appellant continued to obstruct the presuit process by failing to timely respond to the subpoena duces tecum concerning her expert’s background and opinions and by 'failing to comply with the court’s limited discovery order. The court held that because appellant declined to engage in a reasonable presuit investigation of the claim, the record did not support a finding that the expert was qualified under the statute. It further held that appellant’s actions were intended to deprive appellees of the opportunity to meaningfully participate in presuit discovery of the medical negligence claims against them. We agree.
The Legislature has made it clear that the special qualifications required for pre-suit medical experts are essential to the Chapter 766 presuit investigation process.[2] *351 Likewise, courts have consistently noted the significance of the presuit expert requirements-in determining a claim’s legitimacy. See Columbia/JFK Med. Ctr. Ltd. P’ship v. Brown, 805 So.2d 28, 29 (Fla. 4th DCA 2001) (“[T]he purpose of the presuit notice and the requirement of an expert’s affidavit to corroborate the claim is ... to demonstrate that the claim is legitimate.”); Largie, 913 So.2d at 639 (“Requiring a written expert opinion as part of the pre-suit investigation assures the defendant that the claim was preceded by a reasonable investigation; '‘that there is'justification for the Plaintiffs’ claim[.]’ ”) (quoting Kukral, 679 So.2d at 282); Wolfsen v. Applegate, 619 So.2d 1050, 1054-55 (Fla. 1st DCA 1993) (stating that the purpose of reviewing a corroborating affidavit is “to ensure that a claim or denial has been" preceded by a ‘reasonable investigation,’ and that it ‘rests on a reasonable basis’ ”). Here, the record coritains ample evidence to support the trial court’s conclusions that appellant failed to offer sufficient proof of her proffered expert’s statutory qualifications, and that appellant’s lack of cooperation with appellees’ attempts to verify the expert’s qualifications merited dismissal under sections 766.205(2) and 766.206(2), Florida Statutes. Because the court did not abuse its discretion in dismissing the medical malpractice claim, we affirm.
LEWIS, J., concurs; SWANSON, J., dissents with opinion. '

. Subsection (5) of section 766.102 addresses the qualifications for an expert concerning the professional standard of care for physicians, osteopathic physicians, podiatric physicians, optometrists, dentists, chiropractic physicians, and pharmacists. Subsections (6) through (9) address the requirements for experts in other medical professions.

. The statutes setting out the special qualifications of these experts have been consistently refined, most recently in 2003, 2011, and 2013. See Ch. 2013-108, § 2, at 1466, Laws of Fla. (revising and narrowing qualifications for health care providers giving expert testimony on the prevailing professional standard); Ch. 2011-233, § 10, at 3474, Laws of Fla. (requiring that a health care provider *351 who provides expert testimony hold an "active” and valid license and "conducts a complete review of the pertinent medical' records”); Ch. 2003-416, § 48, at 4086, Laws of Fla. (revising requirements for health care providers providing expert testimony in medical negligence actions and requiring certification that an expert witness not previously have been found guilty of fraud or perjury).