ALTENBERND, Judge.
The Petitioners, who are all defendants in a medical malpractice action in the circuit court, seek certiorari review of an order that denied, in part, their motions and amended motion to dismiss. They sought a dismissal of Latasha Mann’s amended complaint, arguing, in part, that the presuit affidavit obtained from Amy L. Budoff, M.D., was legally insufficient under the applicable statutory provision, i.e., section 766.203(2), Florida Statutes (2012, 2018). Certiorari is a proper means to challenge such an order. See Rell v. McCulla, 101 So.3d 878 (Fla. 2d DCA 2012); Bonati v. Allen, 911 So.2d 285 (Fla. 2d DCA 2005).
Although the affidavit could be more detailed, we cannot conclude that the trial court departed from the essential requirements of the law when denying the motion to dismiss except with respect to count I of the amended complaint. Count I alleges that Florida Health Sciences Center, Inc., d/b/a Tampa General Hospital, is liable to Ms. Mann for deviations from the standard of care owed by its nursing staff and nursing supervisors. Assuming without deciding that Dr. Budoff is competent to provide an affidavit addressing errors by the hospital’s nursing staff and supervisors, nothing in the affidavit addresses any deficiencies in the care provided by the nursing staff or supervisors. Because the affidavit is plainly insufficient as a statement to corroborate reasonable grounds to support a claim of medical malpractice as to the nurses and supervisors, the trial court departed from the essential requirements of law in denying Tampa General’s motion to dismiss count I of the amended complaint. Additionally, Tampa General will be irreparably harmed if this claim is allowed to proceed. See Rell, 101 So.3d at 880-81 (“Certainly, where a plaintiff in a medical malpractice action has failed to satisfy the presuit notice requirements set forth in section 766.203(2), the defendant in such an action would suffer a material injury that could not be remedied in a postjudgment appeal if the action was allowed to proceed.”). Accordingly, we grant Tampa General’s petition for writ of certiorari to the extent that the trial court should have dismissed count I of the amended complaint.
Petition for writ of certiorari denied in part and granted in part.
NORTHCUTT and LaROSE, JJ„ Concur.