DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSICA RAFFERTY** a/n/g for **NOAH HENDERSHOT,**
Appellant,

v.

**MARTIN MEMORIAL MEDICAL CENTER, INC.,**
**MARGARET ANN CLUTCH, CNM, ARNP** and,
**WOMEN'S HEALTH SPECIALISTS II, LLC.,**
Appellees.

No. 4D21-368

[March 23, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case No. 562020CA000907AXXXHC.

Jeff Vastola of Vastola Legal, Stuart, and Philip M. Burlington and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Marc J. Schleier and James D. DeChurch of Fowler White Burnett, P.A., Miami, for appellee Martin Memorial Medical Center, Inc.

PER CURIAM.

We affirm the order granting a motion to dismiss a medical negligence complaint for failure to comply with the corroboration requirements of section 766.203(2), Florida Statutes (2018). The plaintiff below sued a midwife and the hospital staff for medical negligence during the delivery of a baby, who suffered a shoulder dystocia injury. The trial court granted the motion to dismiss as it applied to the hospital and the nursing staff.

While the corroborating statements the plaintiff submitted with the notice of intent identified reasonable grounds to initiate medical malpractice litigation against the midwife who delivered the baby, nothing in the statements addressed any deficiencies in the care provided by the hospital and its nursing staff. Thus, dismissal is required pursuant to the plain text of section 766.206(2), Florida Statutes (2018). *See Univ. of S.*

*Fla. Bd. of Trs. v. Mann*, 159 So. 3d 283, 284 (Fla. 2d DCA 2015) ("Because the affidavit is plainly insufficient as a statement to corroborate reasonable grounds to support a claim of medical malpractice as to the nurses and supervisors, the trial court departed from the essential requirements of law in denying [the hospital's] motion to dismiss . . . ."); *Duffy v. Brooker*, 614 So. 2d 539, 545–46 (Fla. 1st DCA 1993) (interpreting "sections 766.203(2) and 766.203(3) to require that the 'corroboration' statements outline the factual basis for the medical experts' opinions" and rejecting as insufficient "conclusory allegations" that did not "sufficiently indicate the manner in which the [medical provider] allegedly deviated from the standard of care"), *abrogated on other grounds as recognized in Archer v. Maddux*, 645 So. 2d 544, 547 (Fla. 1st DCA 1994).

*Affirmed.*

WARNER, GROSS and ARTAU, JJ., concur.

.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2